No. 214
## DETWILER CO. v. HOLLEY, et al.
Ohio Appeals, 6th Dist., Lucas Co.

No. 1468. Decided Jan. 12, 1925.

**745. MALICIOUS PROSECUTION** — Suit for must be brought within one year from date cause of action accrued.

CHITTENDEN, J.

### Epitomized Opinion

Published only in Ohio Law Abstract

The I. H. Detwiler Co. sued Elisha Holley, in the Toledo Municipal, upon a claim for $350, alleged to be due as a commission on a real estate exchange. It caused an attachment to be issued and levied upon a store belonging to the Hollys. Thereupon this action was brought in the Lucas Common Pleas, to recover damages for the alleged injury, placed at $3,500. It was claimed that the allegations upon which the attachment was issued were false and maliciously made, that the Detwiler Co. on June 16th, 1924 maliciously caused the writ to be placed in the hands of the marshal of the municipal court, and on a claim of $350, caused a levy to be made on a stock of merchandise and fixtures of the value of $6,000, and upon the express direction of the Detwiler Co., the marshal seized the entire stock, and took possession of the store and fixtures and the keys of the building, closed the store for two days, and until a redelivery bond of $700 was furnished.

## STATE COURT OF APPEALS—Continued

In the Common Pleas the Hollys received a judgment for $3,000 for the wrongful seizure. On motion a new trial was granted and Hollys were required to make, a remittur of $1,500. Judgment for $1,500 was then entered. The petition herein alleges that the action terminated in the municipal court in favor of the Hollys in May 22, 1922, and the action herein was not filed until May 17, 1923.

The Detwiler Co. prosecuted error and contended that as the suit herein was not begun until more than one year after the attachment was issued, it was maintainable. The Court of Appeals held that as the action was not filed within the one year prescribed by statute, the judgment should be reversed, and so entered.

An application for rehearing was made, on the ground that the court in deciding the case failed to make a proper distinction between actions to recover damages for malicious prosecution and actions to recover damages growing out of a malicious abuse of process. The court held that, in this state, an abuse of process is malicious prosecution and that malicious prosecution is an abuse of process. Citing 105. OS 396; 15 OA 276; 46 OS 367 and 5 OS 548 and denied the application.

Attorneys—Calkins, Storey & Nye for Detwiler Co.; Alfred J. Croll for Hollys; all of Toledo.